

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00246-CR

_____

FRANK WESLEY NEWSTED II, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR15653

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

A jury found Appellant Frank Wesley Newsted II guilty of the offense of indecency with a child by contact, *see* Tex. Penal Code Ann. § 21.11(a)(1), and assessed his punishment at six years' confinement in the Texas Department of Criminal Justice and no fine. The trial court sentenced Newsted in accordance with the jury verdict. Newsted timely appealed, and the trial court certified that he had permission to do so. *See* Tex. R. App. P. 25.2(a)(2), 26.2(a), 26.3.

Newsted's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that this appeal is frivolous because the record reveals no arguable error. In accordance with *Kelly v. State*, counsel provided Newsted with copies of the brief and motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court affirm his conviction. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). This court gave Newsted the opportunity to file a pro se response to the *Anders* brief, but he did not do so; likewise, the State did not file a brief.

After an appellant's appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must

independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We therefore grant counsel's motion to withdraw.

We have, however, noted two clerical errors in the judgment. We have the power to modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Mayo v. State*, 690 S.W.3d 103, 109 (Tex. App.—Amarillo 2024, pet. ref'd) (op. on reh'g). We have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc when the evidence necessary to correct the judgment appears in the record. *Mayo*, 690 S.W.3d at 109; *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). This power does not depend on a party's request, nor does it turn on whether a party has objected in the trial court. *Mayo*, 690 S.W.3d at 109; *Asberry*, 813 S.W.2d at 529–30.

Specifically, the judgment reflects a $100 fine. But the jury did not assess a fine, and the trial court did not order one when sentencing Newsted. Thus, that portion of the judgment should reflect no fine.

The $100, though, should be added to the court costs. *See* Tex. Code Crim. Proc. Ann. art. 102.0186. The portion of the judgment reflecting court costs of $335 should thus be adjusted to reflect $435.

Accordingly, we (1) delete the $100 fine and modify the judgment to reflect no fine and (2) delete the $335 in court costs and modify the judgment to reflect $435 in court costs. We affirm the trial court's judgment as modified.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 10, 2025